IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Yandell McKenny, #322217, | ) | Civil Action No.: 4:11-cv-00366-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Cecelia Reynolds; J. Washington; Derrick | ) | |
| Seward; Official and Individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Currently pending before the Court is the Plaintiff's Objections [Docket # 15] to the Magistrate Judge's Report and Recommendation ("R&R") recommending that the Court dismiss the Plaintiff's Complaint without prejudice and without issuance and service of process. For the following reasons, the Court adopts the R&R.

**Procedural History**

This case was initiated on February 16, 2011, when the Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 for "claims of breach of security and negligence." It appears that the Plaintiff alleges that the Defendants have been deliberately indifferent to his safety concerns and are failing to protect him from a substantial risk of serious harm by denying his request to be placed in protective custody. Under established local procedure in this judicial district, a careful review was made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and 42 U.S.C. § 1997e.[1] On March 17, 2011, the Magistrate Judge filed an R&R, in which he concluded that

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling.

> [t]he Complaint filed in this case has been filed prematurely and is subject to summary dismissal, without prejudice and without issuance and service of process, because it is apparent from the face of the Complaint that Plaintiff has failed to exhaust his administrative remedies prior to filing suit under § 1983, as is required by the Prison Litigation Reform Act of 1996 (the PLRA), 42 U.S.C. § 1997e(a).

The Plaintiff filed timely objections on March 30, 2011, and this matter is ripe for review.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

In his R&R, the Magistrate Judge states: "under SCDC's inmate grievance policy, Plaintiff's grievance is considered pending until approximately one hundred twenty-five (125) days have passed, therefore Plaintiff's grievance could not possibly have been exhausted prior to the filing of his

Complaint." R&R, p. 9. Further, the Magistrate Judge concludes that "[a]s it is clear from the face of Plaintiff's Complaint that he did not exhaust his administrative remedies prior to filing this action, Plaintiff's Complaint should be summarily dismissed *without prejudice*." *Id.* The Plaintiff responds with the following vague objections:

> With all due respect your Honor my Complaint should not be dismissed as I have made a good faith attempt to confer with my defendants prior to my filing of this action . . . . The requirement under the prison litigation act that a prisoner file a grievance against the person he ultimately seeks to sue does not impose a heightened pleading against the would be § 1983 plaintiff but only assures that the prison administration system has a chance to deal with claims against prison personnel before those complaints reach federal court. . . . Normally, an agency decision would be arbitrary and conspicuous within the meaning of the agency entirely failed to consider an important aspect of the problem. . . . Also under binding precedent . . . where plaintiff asserts both exhausted and unexhausted claims, courts should proceed to consider exhaustion rather [than] dismiss [the] entire suit.

Objections, p. 1. However, the Plaintiff's objections lack merit.

"No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle,* 534 U.S. 516, 524 (2002). A prisoner's failure to exhaust administrative remedies is considered an affirmative defense. *See Jones v. Bock,* 549 U.S. 199, 216 (2007). However, under existing Fourth Circuit precedent, if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is appropriate. *See Anderson v. XYZ Correctional Health Servs.,* 407 F.3d 674, 682 (4th Cir. 2005) (citing *Nasim v. Warden,* 64 F.3d 951, 954-55 (4th Cir. 1995)); *see also Eriline Co. S.A. v. Johnson,* 440 F.3d 648, 655-56 (4th Cir. 2006). "[T]o properly exhaust administrative remedies

3

prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,'... rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones,* 549 U.S. at 218 (citing *Woodford v. Ngo,* 548 U.S. 81, 88 (2006)). Thus, before the Plaintiff may proceed with his claims against the Defendants in this Court, he must have first exhausted his administrative remedies available through SCDC's inmate grievance process, under which a SCDC inmate must wait one hundred twenty-five (125) days from presenting his Step 1 grievance to the prison before filing a complaint in federal court. *See* SCDC Policy/Procedure GA-01.12, at §§ 11, 13.1-13.6 (Sept. 1, 2009).

In the instant matter, the earliest document submitted by the Plaintiff is a "Request to Staff Member" form dated "12-30-10", in which he reminds "Ms. Allen" that he wrote to her earlier in December and states that he wants "to go on protective custody." *See* [Docket # 1-2, p. 2]. The Plaintiff filed his Complaint with this Court on February 16, 2011. Even if the Plaintiff's "Request to Staff Member" submitted to "Ms. Allen" on December 30, 2010, is liberally construed as the Plaintiff's earliest attempt to initiate the SCDC grievance process, it is clear that no more than forty-eight (48) days could have passed from that date until the date the Plaintiff filed his Complaint.[2] Moreover, in his Complaint, the Plaintiff answered "No" to the following question: "D. Have you received a final agency/departmental/institutional answer or determination concerning this matter (*i.e.,* your grievance)?". As such, it is clear from the face of the Plaintiff's Complaint that he did not exhaust his

---

[2]In his Complaint, the Plaintiff alleges that "on 12-16-10, I wrote Ms. Allen (classification) and informed her that I wanted to be put on protective custody because I was in fear of my life and that I have been getting threats from SMU [Special Management Unit] and on the yard." Compl., p. 3. This date appears to be the date on which the Plaintiff first requested to be placed in protective custody. Nonetheless, even if the Court were to consider this date as the date on which the Plaintiff first initiated the grievance process, no more than sixty-two (62) days could have passed from December 16, 2010, until the Plaintiff filed his Complaint on February 16, 2011.

administrative remedies prior to filing this action. Despite the Plaintiff's objections, it appears that there are no exhausted claims to proceed, and his Complaint is summarily dismissed without prejudice.

### Conclusion

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. As such, the Court agrees with the recommendations of the Magistrate Judge. Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference, and the Plaintiff's Complaint is dismissed *without prejudice.*

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>R. Bryan Harwell<br>United States District Judge

Florence, South Carolina
March 31, 2011